UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WAYNE ROBERTS,

    Plaintiff,

v.                                                     CASE No. 8:04-CV-2430-T-TGW

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

## O R D E R

The plaintiff in this case seeks judicial review of the denial of his claims for Social Security disability benefits and supplemental security income payments.[1] Because the decision of the Commissioner of Social Security fails to evaluate the plaintiff's allegations of debilitating headaches, the decision will be reversed and the matter remanded for further consideration.

I.

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 15).

The plaintiff, who was forty-six years old at the time of the most recent administrative hearing and who has a ninth grade education,[2] has worked as a certified nurse's assistant, maintenance worker/security guard, a laborer, and store manager (Tr. 90). He filed claims for Social Security disability benefits and supplemental security income payments, alleging that he became disabled in January 1997 because of two herniated discs in his back (Tr. 79, 109).[3] The claims were denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff suffered from temporomandibular joint pain, vision problems, neck and back pain, headaches, and numbness in his arms and legs, which in combination are severe impairments (Tr. 24). He concluded that these impairments limited the plaintiff to light work (Tr. 25). The law judge determined that this limitation precluded the plaintiff from performing his past relevant work (id.). However, the law judge decided that the medical-vocational guidelines

---

[2] The evidence is conflicting on this point. At the first hearing, the plaintiff testified that he completed the tenth grade, but, at the second hearing, he stated that he did not finish the tenth grade (Tr. 45, 260).

[3] Apparently, the materials concerning a claim for supplemental security income were not available for inclusion in the administrative record (see Tr. i).

directed a finding that the plaintiff was not disabled (Tr. 24). The Appeals Council let the decision of the law judge stand as the final decision of the defendant.

The plaintiff then sought review in this court. The Commissioner subsequently moved to remand the matter pursuant to sentence four of 42 U.S.C. 405(g) (Tr. 216-17). Accordingly, the decision of the Commissioner was reversed and the matter remanded for further proceedings.

On remand, the same law judge conducted another hearing (Tr. 255). Following that hearing, the law judge found that the plaintiff had severe impairments of cervical disc herniation, lumbar disc bulge, and a learning disability (Tr. 208). He found that the plaintiff could perform light, simple repetitive work (Tr. 213). Based on the testimony of a vocational expert, the law judge concluded that the plaintiff could return to past work as a security guard (Tr. 211). Accordingly, he found that the plaintiff was not disabled. The plaintiff chose to forego review by the Appeals Council and filed this action for review of the law judge's decision (Doc. 21, p. 3).

II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any

substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D). The Act provides further that a claimant is not disabled if he is capable of performing his previous work. 42 U.S.C. 423(d)(2)(A), 1382c(a)(3)(B). In this case, also, the plaintiff must show that he became disabled before his insured status expired on December 31, 2001, in order to receive disability benefits. 42 U.S.C. 423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert. denied, 444 U.S. 952. There is not a similar requirement with respect to the plaintiff's claim for supplemental security income payments.

      A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402

U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The law judge, as indicated, found that the plaintiff has severe impairments of cervical disc herniation, lumbar disc bulge, and a learning disability (Tr. 208). He concluded that, despite these impairments, the

plaintiff retains the residual functional capacity to return to prior work as a security guard. The plaintiff contends that, in reaching this conclusion, the law judge improperly failed to consider the plaintiff's allegations of debilitating headaches (Doc. 21, pp. 6, 8, 10, 13).

The plaintiff testified at the second administrative hearing on June 4, 2004, that, several times a week, he suffers from severe headaches, which last six to eight hours each (Tr. 264-65). The law judge acknowledged in his decision the plaintiff's testimony that he experiences headaches and that he is unable to do anything when he has a headache (Tr. 209). The law judge, however, did not evaluate the plaintiff's allegations of disabling headaches. As the plaintiff asserts, this failure constitutes reversible error.

The Eleventh Circuit has said that the law judge "must state specifically the weight accorded each item of impairment evidence and the reasons for his decision" on that evidence. Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986). The law judge here plainly violated that principle with respect to the plaintiff's allegation of headaches.

Notably, the law judge had included "headaches" among the plaintiff's impairments in his first decision (Tr. 24). There is no explanation why the law judge did not include "headaches" in his evaluation of the

plaintiff's limitations in his second decision. This omission is even more pronounced in light of the law judge's evaluation of the plaintiff's allegations regarding depression and vision (Tr. 209). The express evaluations of these less severe complaints suggest that the law judge may have simply overlooked the allegation of headaches when assessing the plaintiff's impairments. Regardless of the reason, the failure to evaluate the allegation of headaches renders the decision impermissibly flawed.

The law judge's failure to assess the plaintiff's testimony regarding headaches also violates the principle that, if the law judge "refused to credit subjective pain testimony where such testimony is critical, he must articulate specific reasons for questioning the claimant's credibility." Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992). The plaintiff's testimony concerning headaches was undoubtedly critical since the vocational expert indicated that, if the plaintiff's testimony was credible, there would be no jobs that he could perform (Tr. 291-92). Consequently, the law judge was required to articulate explicit and adequate reasons for discounting the plaintiff's testimony. Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995).

It is noted that the law judge did make a credibility determination with respect to the plaintiff's cervical and lumbar impairments (Tr. 210). The

reasons given in connection with that determination do not adequately explain a discounting of the plaintiff's allegations of headaches. Thus, those reasons do not permit meaningful judicial review because they do not allow an analysis of whether the law judge's reasons for discounting the allegation of headaches are reasonable and supported by substantial evidence. This ground, which is related to the first, also supports a reversal of the law judge's decision.

In light of this conclusion, the plaintiff's additional contentions need be addressed only briefly. That is particularly true since, as a result of the remand, the factual circumstances regarding those contentions could change.

The plaintiff argues that the law judge failed to give proper weight to, or articulate a valid reason for rejecting, the opinions of Dr. William M. Hammesfahr, a treating physician (Doc. 21, pp. 11-14). The law judge must give "substantial" or considerable" weight to the opinion of a treating physician unless good cause is shown for not doing so. Crawford v. Commissioner of Social Security, 363 F.3d 1155, 1159 (11th Cir. 2004).[4]

---

[4] The Commissioner erroneously argued that Dr. Hammesfahr was not a treating physician (Doc. 22, p. 9). However, the record clearly reflects that the plaintiff was evaluated by Dr. Hammesfahr numerous times (see, e.g., Tr. 173, 238, 239, 241, 246) and, therefore, he is properly considered a treating physician.

However, the opinion of a treating physician may be discounted if it is unsupported by objective medical evidence, the evidence supports a contrary finding, or is merely conclusory. Phillips v. Barnhart, 357 F.3d 1232, 1240-41 (11th Cir. 2004).

The Commissioner points out that the plaintiff has failed to identify the opinions of Dr. Hammesfahr that he alleges the law judge erroneously rejected. Significantly, Dr. Hammesfahr does not appear to express any opinion that the plaintiff is disabled or has functional limitations. Thus, there is no opinion that is inconsistent with the law judge's finding of the plaintiff's residual functional capacity. Accordingly, if the plaintiff on remand wishes to rely on such an opinion from Dr. Hammesfahr, he needs to develop it.

To the extent the plaintiff sought support from the comments of Dr. Hammesfahr in the record, the law judge reasonably and sufficiently discounted those comments. In particular, the law judge rationally concluded that he was persuaded by the testimony of Dr. Owen Linder, M.D., a qualified medical expert, who stated that he disagreed with Dr. Hammesfahr's opinions because Dr. Hammesfahr's practice and testing are outside of mainstream

neurology and his conclusions do not follow logically from his testing (Tr. 276, 277, 278, 283).

The plaintiff also challenges the law judge's decision that he could return to past work as a security guard because his prior work was a job as a maintenance man/security guard, and he can no longer perform the maintenance duties of that job (Doc. 21, pp. 8-9). In this regard, the plaintiff cites to Bechtold v. Massanari, 152 F. Supp. 2d 1340, 1344 (M.D. Fla. 2001), which states that, "[w]here is it clear that a [plaintiff's] past employment was a 'composite job,' an administrative law judge may not find a claimant capable of performing h[is] past relevant work on the basis that []he can meet some of the demands of h[is] previous position, but not all of them" (Doc. 21, p. 9). However, the law judge has not concluded that the plaintiff can return to a job where he is capable of performing only some of its demands. Rather, the law judge concluded that he could return to work as a security guard, which does not require the performance of any duties precluded by his residual functional capacity (Tr. 211).

Importantly, the law does not require that, in order to perform past work, the plaintiff be capable of returning to the actual job previously held. Jackson v. Bowen, 801 F.2d 1291, 1293 (11th Cir. 1986). Rather, the

-10-

standard is whether the plaintiff is capable of performing "the kind of work he has done in the past." Id.; see also 20 C.F.R. 404.1520(e), 416.920(e); Martin v. Sullivan, 901 F.2d 650, 653 (8th Cir. 1990). On remand, the plaintiff will have the opportunity to show that he did not perform the job of security guard in the past, as that job is generally performed, or that, for some reason, he cannot perform that job in the future.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner is hereby REVERSED and the matter is REMANDED for further consideration. The Clerk shall enter judgment in accordance with this Order and close this case.

DONE and ORDERED at Tampa, Florida, this 15th day of March, 2006.

/s/ Thomas G. Wilson
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE